# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Elaine E. Bucklo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 2025 | **DATE** | 6/10/2011 |
| **CASE TITLE** | Barth v. Champion Roofing Inc. et al. | | |

**DOCKET ENTRY TEXT**

Motion by defendant Champion Roofing Inc. for summary judgment [10] is granted with respect to plaintiff's claims under the Fair Labor Standards Act and the Illinois Minimum Wage Law. I decline to exercise jurisdiction over plaintiff's remaining state-law claims and remand them to the Circuit Court of Cook County, Illinois. Status hearing set for 6/30/11 is now vacated.

■[ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

### STATEMENT

    Plaintiff Jason Barth ("Barth") sued his employer, Champion Roofing, Inc. ("Champion"), claiming that it failed to pay him wages he earned while working for the company as an estimator. He further claims that when he complained and demanded payment of the wages, Champion retaliated against him by refusing to provide him with sales leads, resulting in his constructive discharge. The suit was originally filed in Illinois state court and asserted several claims under Illinois statutory and common law. In addition, Barth asserted a claim under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* On the basis of the latter claim, Champion removed the suit to this Court. Currently before me is Champion's motion for summary judgment.

    Champion first argues that it is entitled to summary judgment on Barth's claim under the FLSA. Specifically, Champion claims that Barth falls within the so-called "outside salesperson" exception to the FLSA's minimum wage and overtime requirements. The FLSA defines "outside salesperson" "as an employee (1) whose 'primary duty' consists of 'making sales' or 'obtaining orders or contracts for services' and (2) who is 'customarily and regularly engaged away from the employer's place or places of business in performing such primary duty'." *Schmidt v. Eagle Waste & Recycling, Inc.*, 599 F.3d 626, 631 (7th Cir. 2010) (quoting 29 C.F.R. § 541.500). I agree that Barth is covered by the exception and that his FLSA claim accordingly fails.

    First, it is clear that Barth's primary duty as an estimator consisted of "making sales or obtaining orders or contracts for services." It is undisputed that Champion provided Barth with what he himself refers to as

"sales leads." *See* Compl. ¶ 19. Barth contacted and visited the leads and tried to sell them Champion's services (new roofs or repairs to existing roofs). He presented prospects with information about the work to be done, estimated how much the projects would cost, and submitted bids for customer approval. This constitutes "obtaining orders or contracts for services" within the FLSA's meaning.

To be sure, Barth claims that he performed other duties, such as making roofing repairs, obtaining building permits, and collecting payments. He also claims that he had little discretion when it came to recommending the particular type of work to be done for customers. Even assuming that these claims are true, when the circumstances of his employment are considered in their totality, *see* 29 CFR § 541.700 ("Determination of an employee's primary duty must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole."), he has failed to raise a triable issue of fact as to whether his primary duty consisted of making sales or obtaining orders or contracts for services.

Barth also meets the exception's second condition: his work was performed away from Champion's place or places of business. FLSA regulations state that "[t]he outside sales employee is an employee who makes sales at the customer's place of business or, if selling door-to-door, at the customer's home . . . . Thus, any fixed site, whether home or office, used by a salesperson as a headquarters . . . is considered one of the employer's places of business." 29 CFR § 541.502. Barth's own complaint alleges that Champion's headquarters are located in Skokie, Illinois. *See* Compl. ¶ 2. Nevertheless, he denies that this is Champion's place of business. Instead, he claims that "Champion is in the business of providing roof installations, maintenance and repairs . . . and as such, its places of business are the job sites where it performs roofing work." Resp. at 9. Under Barth's view, Champion creates a new place of business every time it accepts a new project or performs a new job. This theory lacks any support in the case law or the relevant regulations. Since Barth is covered by the outside salesperson exception, Champion is entitled to summary judgment on his FLSA claim.

Barth maintains that, in addition to his claim for wages, he has also asserted a claim for retaliation under the FLSA. Barth's complaint alleges no such claim. In Count IV, Barth advances a claim for retaliatory discharge; however, the allegations in support of that claim make no mention of the FLSA; instead, they allege that defendant violated public policy or common law. *See, e.g., Geary v. Telular Corp.*, 793 N.E.2d 128, 133-34 (Ill. App. Ct. 2003) ("A valid claim for [common law] retaliatory discharge requires a showing that an employee has been (1) discharged; (2) in retaliation for the employee's activities; and (3) that the discharge violates a clearly mandated public policy."). Barth's complaint also mentions retaliation in connection with his claim under the Illinois Wage Payment Collection Act ("IWPCA"), 820 ILCS §115 *et seq.*, *see* Compl. ¶ 53. The only other mention of retaliation is found in paragraph 19 of the complaint. Again, however, any link between these allegations and the FLSA are conspicuously absent. On the contrary, the complaint alleges only that

| STATEMENT |
|---|

Champion's practices "violated the provisions of Illinois wage and hour law." Compl. ¶ 20. It is only in his response brief to Champion's summary judgment motion that Barth purports to assert an FLSA retaliation claim. At this stage, it is too late to advance new claims. *See, e.g.*, *Berry v. Chicago Transit Authority*, 618 F.3d 688, 693 (7th Cir. 2010) ("[A] plaintiff may not use her brief opposing summary judgment to introduce claims not stated in her complaint--at least not without a defendant's consent.").

Since the FLSA claim provided the sole basis for federal jurisdiction, I must decide whether to retain jurisdiction over the remaining state law claims. "Normally, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits." *Sharp Electronics Corp. v. Metropolitan Life Ins. Co.*, 578 F.3d 505, 514 (7th Cir. 2009) (quotation marks omitted). "There are three acknowledged exceptions to this rule: when (1) the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court; (2) substantial judicial resources have already been committed, so that sending the case to another court will cause a substantial duplication of effort; or (3) when it is absolutely clear how the pendent claims can be decided." *Id.* at 514-15 (quotation marks omitted).

Champion invokes the third exception, contending that "the correct disposition is so clear as a matter of state law that this Court can determine [the remaining claims] without entanglement with any difficult issues of state law." Def.'s Mem. at 1-2. This argument is valid with respect to Barth's claim under the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 *et seq.* Like the FLSA, the IMWL contains an "outside salesperson" exception, 820 ILCS 105/3(d)(4), and the IMWL is subject to the same analysis as FLSA claims, *see, e.g.*, *Morgan v. SpeakEasy, LLC*, 625 F. Supp. 2d 632, 650 (N.D. Ill. 2007) ("Courts have held that the IMWL parallels the FLSA, and that the same analysis generally applies to both statutes."). And, as with his FLSA claim, Barth did not assert an IMWL retaliation claim in his complaint and cannot assert one now.

As to the remaining state-law claims, however, it is not "absolutely clear" that they fail. Disputed issues of fact appear to preclude summary judgment on most, if not all, of the remaining claims. Moreover, it is not immediately clear whether recent amendments to the IWPCA, which provide that retaliation claims may be brought under the IWPCA, apply to the instant suit.

For the reasons discussed above, defendant's motion for summary judgment is granted as to plaintiff's FLSA and IMWL claims. I remand the remaining claims to the Circuit Court of Cook County, Illinois. *See, e.g.*, *Southerland v. Hardaway Management Co., Inc.*, 41 F.3d 250, 256- 57 (6th Cir. 1994) (district court did not abuse its discretion by deciding one supplemental state law claim on the merits and declining to exercise jurisdiction over others); Wright, et al., 13D Fed. Prac. & Proc. Juris. § 3567.3 (3d ed. 2011).